UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

**LEON REED**,

    Plaintiff,

v.

**UCHICAGO ARGONNE, LLC**,

d/b/a Argonne National Laboratory,

    Defendant.

Case No. _____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Leon Reed, by and through his undersigned counsel, hereby states as follows for his Complaint against Defendant UChicago Argonne, LLC d/b/a Argonne National Laboratory:

## I. INTRODUCTION

1. This is an action for disability discrimination and retaliation under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq. ("ADA").

2. Plaintiff Leon Reed seeks legal and equitable relief to remedy Defendant's discriminatory and retaliatory actions, which culminated in his wrongful termination following a long-term medical leave and his subsequent rejection upon attempting to return to work.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1343.

4. The Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367 because they arise out of the same facts and occurrences as his federal claims.

5. Venue is proper under 28 U.S.C. § 1391(b), as the events giving rise to this lawsuit occurred within the Northern District of Illinois.

### III. PARTIES

5. Plaintiff Leon Reed is an individual residing in Dolton, Illinois.

6. Defendant UChicago Argonne, LLC is a limited liability company operating Argonne National Laboratory, a federally funded research facility located at 9700 Cass Avenue, Lemont, Illinois 60439.

7. At all relevant times, Defendant employed more than 500 employees and was an "employer" within the meaning of the ADA, 42 U.S.C. § 12111(5)(A).

### IV. FACTUAL ALLEGATIONS

9. Plaintiff began working for Defendant in 1984. Over his career, he held various positions and rose through the ranks, ultimately becoming an Environmental Safety and Health Coordinator within the Worker Safety and Health Division.

10. In December 2020, Plaintiff returned to work with restrictions following a medical leave and was approved to telecommute.

11. In January 2021, Plaintiff experienced a non-work-related medical emergency, which he promptly disclosed to Defendant's occupational health department.

2

12. Plaintiff was prescribed OxyContin during recovery. He openly informed the company's health team of this prescription and its effects.

13. Based on this disclosure, Defendant immediately placed Plaintiff on restricted status, barring him from returning to work, despite having cleared him to telecommute just weeks earlier.

14. Plaintiff made numerous efforts throughout early 2021 to comply with Defendant's demands for medical documentation. He also executed authorization forms allowing Defendant to contact his treating physicians directly.

15. Despite Plaintiff's cooperation, Defendant failed to follow through on contacting his medical providers and continued to assert that the documentation provided was insufficient.

16. In May 2021, Plaintiff filed an EEOC Charge (No. 440-2021-02939) alleging disability discrimination.

17. In August 2021, Defendant sent Plaintiff a letter stating that his employment would be terminated unless he submitted updated medical documentation by September 10, 2021.

18. Plaintiff, through counsel, responded on September 8, 2021, confirming his intent to comply. On September 22, 2021, Plaintiff's counsel submitted medical documents extending Plaintiff's medical leave through October 2, 2021, and indicating a projected return date of September 2022.

19. Defendant made no further meaningful inquiry and unilaterally terminated Plaintiff's employment on or about October 18, 2021.

20. In early 2024, Plaintiff attempted to return to work. On February 5, 2024, he contacted Defendant's Disability Nurse Manager, Steven Wolfe, to request reinstatement or to explore options.

21. Defendant refused to reinstate Plaintiff, stating that he needed to apply as a new applicant. Despite being previously approved for long-term disability through January 2025, Plaintiff was told that his termination would stand.

22. On September 18, 2024, Plaintiff filed a second EEOC Charge (No. 440-2024-05720) alleging disability discrimination and retaliation.

23. Defendant has treated other employees who took long-term disability more favorably, including at least one employee similarly situated to Plaintiff.

## CLAIMS FOR RELIEF

### COUNT I – DISABILITY DISCRIMINATION
(42 U.S.C. § 12112)

24. Plaintiff realleges and incorporates by reference all preceding paragraphs.

25. Plaintiff was a qualified individual with a disability under the ADA.

26. Defendant was aware of Plaintiff's disability and his need for reasonable accommodation, including medical leave.

27. Defendant failed to engage in the interactive process in good faith and terminated Plaintiff while he was on approved disability leave.

28. Defendant's conduct constitutes unlawful discrimination on the basis of disability in violation of 42 U.S.C. § 12112(a).

4

29. As a direct result of Defendant's actions, Plaintiff suffered lost wages, benefits, emotional distress, and other damages.

## COUNT II – RETALIATION
(42 U.S.C. § 12203)

30. Plaintiff realleges and incorporates by reference all preceding paragraphs.

31. Plaintiff engaged in protected activity by requesting accommodations, submitting medical documentation, and filing an EEOC charge.

32. Defendant retaliated against Plaintiff by refusing to reinstate him and ultimately terminating his employment.

33. Defendant's conduct violated 42 U.S.C. § 12203(a), which prohibits retaliation for engaging in activity protected by the ADA.

34. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer economic losses and emotional harm.

## COUNT III – DISABILITY DISCRIMINATION
(Illinois Human Rights Act – 775 ILCS 5/1-102 et seq.)

35. Plaintiff realleges and incorporates all preceding paragraphs.

36. At all relevant times, Plaintiff was disabled as defined by the IHRA and was capable of performing the essential functions of his position with or without reasonable accommodation.

37. Defendant was aware of Plaintiff's disability and failed to provide reasonable accommodations.

38. Instead, Defendant excluded Plaintiff from work and ultimately terminated him while he remained on approved disability leave, despite Plaintiff's efforts to communicate and comply with documentation requirements.

39. Defendant's actions were willful, malicious, and in direct violation of the IHRA's prohibition against disability discrimination, 775 ILCS 5/2-102(A).

40. As a direct and proximate result, Plaintiff has suffered damages including lost income, benefits, emotional distress, and reputational harm.

## COUNT IV – RETALIATION
(Illinois Human Rights Act – 775 ILCS 5/6-101(A))

41. Plaintiff realleges and incorporates all preceding paragraphs.

42. Plaintiff engaged in protected activity under the IHRA by requesting reasonable accommodations for his disability and by filing a charge of discrimination with the EEOC and IDHR.

43. In retaliation, Defendant terminated Plaintiff's employment and then refused to consider him for reinstatement or rehire in 2024, despite his inquiries about returning to work.

44. Defendant's retaliatory actions violate 775 ILCS 5/6-101(A).

45. As a direct result of Defendant's unlawful retaliation, Plaintiff has sustained economic loss, emotional harm, and other compensable injuries.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and grant the following relief:

A. Declare that Defendant's conduct violated the ADA;

B. Reinstate Plaintiff or award front pay in lieu of reinstatement;

C. Award Plaintiff back pay, lost benefits, and all other lost compensation;

D. Award compensatory damages for emotional distress and suffering;

E. Award punitive damages;

F. Award reasonable attorneys' fees and costs;

G. Grant pre- and post-judgment interest as allowed by law;

H. Award such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

CARLA D. AIKENS, PLC

/s/ Carla D. Aikens
Carla D. Aikens (6296269)
615 Griswold Street, Suite 709
Detroit, MI 48226
(844) 835-2993
carla@aikenslawfirm.com
Attorney for Plaintiff